## CALVIN JOHNSON AND ANOTHER v.
## ANTON A. GIESE AND OTHERS.[1]

May 2, 1952.

No. 35,519.

See, Johnson v. Giese, 230 Minn. 185, 40 N. W. (2d) 909; *Id.* 231 Minn. 258, 42 N. W. (2d) 712.

*Henry G. Young,* for appellants.

*Wegner, Kohlan & Santee,* for respondents.

MAGNEY, JUSTICE.

The instant appeal is a sequel to Johnson v. Giese, 231 Minn. 258, 42 N. W. (2d) 712, decided May 19, 1950. Plaintiffs brought an action for partition. Defendant Anton A. Giese counterclaimed for reformation of certain deeds covering lands involved in the partition complaint. The reformation feature of the case was tried first. The trial court found in favor of plaintiffs and refused to reform the deeds. On appeal we reversed, holding that the evidence was so clear and convincing in favor of the reformation of the deeds as to compel findings and conclusion that defendant Giese was entitled to have his deeds reformed. The case was remanded with in-

---

[1]Reported in 53 N. W. (2d) 802.

structions to the trial court to amend its findings and conclusions to conform with the opinion and to enter judgment of reformation in favor of defendant Giese. The detailed facts are set out in that opinion.

It appears that Giese first appealed to this court from the order denying his motion to amend the findings and conclusions of law and order for judgment, which we held nonappealable. Johnson v. Giese, 230 Minn. 185, 40 N. W. (2d) 909. The appeal was dismissed. Judgment was thereupon entered on March 6, 1950, and Giese appealed from the judgment, with the result indicated above.

Plaintiffs thereupon on June 15, 1950, made a motion to vacate and set aside the judgment entered on March 6, 1950, on the ground that the judgment was entered merely as an accommodation to allow defendants to have the supreme court determine whether their defense of reformation of the deed was sufficient to state a cause of action upon the proof submitted; and further, if said motion is granted, plaintiffs state that they will move to withdraw their (plaintiffs') resting in the case and reopen said case to allow them to present evidence in defense of said matter as to the reformation of the deed. In the reformation action, it seems that after defendants rested plaintiffs also rested and asked the court to make findings in their favor. The court did so. Plaintiffs now admit that they were mistaken, but they justify their mistake by saying "that the plaintiffs could not and did not foresee the interpretation to be placed on the evidence of defendants by the Supreme Court of the State herein." They insist that they should not be penalized for the honest mistake on the part of their attorney, and that they should be permitted to present evidence in support of their defense in the reformation action. They further move, if the above motions are denied, in the alternative for an order of the court vacating the findings of fact, conclusions of law, and order for judgment and granting them a new trial on the ground of newly discovered evidence and errors in rulings on evidence. On December 15, 1950, the court denied the motion, and on August 16, 1951, it amended its order of denial to read:

"It is ordered that plaintiffs' several and/or alternative motions, and all thereof, be and the same are in all things denied."

Plaintiffs appeal.

The judgment of March 6, 1950, which plaintiffs ask to have vacated and set aside was in fact reversed by this court in Johnson v. Giese, 231 Minn. 258, 42 N. W. (2d) 712. But that does not solve plaintiffs' problems. In the reversal, we remanded with instructions to the trial court to amend its findings and conclusions to conform with the opinion and to enter judgment of reformation in favor of defendant Giese. The court complied with our instructions by amending its findings and conclusions to conform with the opinion, and on August 15, 1951, ordered judgment of reformation in favor of defendant Giese, thus, as the court states, eliminating by reformation plaintiffs' interest in the lands. A judgment entered on the above order effectively bars any further action on the part of plaintiffs as long as that judgment stands. No move has been made by plaintiffs to vacate that judgment, and, as we see it, none can be made. With such a judgment barring further action, no relief could have been given by the trial court. It did not err in refusing to grant a new trial.

Order affirmed.